UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALFREDO RIOS JAIMES,

                Petitioner,

v.                                                                                                                    Case No. 25-cv-0103-bhl

DAISY CHASE, Warden,

                Respondent.

## SCREENING ORDER

      Petitioner Alfredo Rios Jaimes, a state prisoner currently incarcerated at Redgranite Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 21, 2025. (ECF No. 1.) The Court reviewed Jaimes's petition and ordered him to file an amended petition using the Court's local form as required by Civil Local Rule 9(a). (*See* ECF No. 4.) On March 14, 2025, Jaimes filed an amended petition using the prescribed form. (ECF No. 5.) Accordingly, the amended petition is now ready for screening.

      Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to screen a prisoner's habeas petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. The Court also considers whether the petitioner has filed within the statute of limitations period. Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. § 2244(d)(1)(A).

The petition refers to *State v. Jaimes*, Fond du Lac County Circuit Court Case Number 2016CF646 available at https://wcca.wicourts.gov. (ECF No. 5 at 2.) Jaimes was convicted following no contest pleas to two counts of first-degree sexual assault of a child as a repeater. (*Id.*) On August 7, 2019, the Wisconsin Court of Appeals summarily affirmed Jaimes's conviction after his appellate counsel filed a no-merit report pursuant to Wis. Stat. § 809.32 and *Anders v. California*, 386 U.S. 738 (1967) and Jaimes elected not to file a response. *See State v. Jaimes*, 2019AP29-CRNM, 2019 WL 13189627, at *1 (Wis. Ct. App. Aug. 7, 2019). The Court has reviewed the publicly available docket for Jaimes's case and it appears the Jaimes did not timely petition the Wisconsin Supreme Court for review. *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2016CF000646&countyNo=20&mode=details. (last visited 4/3/25). On October 18, 2019, the court of appeals issued a remittitur. (*Id.*) And, on June 1, 2020, the Wisconsin Supreme Court denied Jaimes's motion for permission to file a *pro se* petition for review. (*Id.*)

Under 28 U.S.C. § 2244(d)(1)(A), a petitioner must seek habeas relief within one year of his or her judgment becoming final. A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days followed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). Jaimes's conviction because "final" on October 18, 2019, and his one-year limitations period began to run on January 16, 2020 – 90 days from that date. He had one year from the date the judgment became final to file his federal habeas petition, and to be timely filed under Section 2244(d)(1)(A), Jaimes was required to file his petition on or before January 16, 2021. The Court received Jaimes's petition approximately 4 years after the statute of limitations expired. It therefore appears that Jaimes's petition is untimely.

Jaimes claims in his petition that he filed a motion for post-conviction relief on March 20, 2023. ECF No. 5 at 4. Even if accurate, however, this motion came well after the statute of limitations had expired. *See* 28 U.S.C. § 2244(d)(2).

While it appears that Jaimes's petition is untimely, it may be possible (albeit unlikely) that Jaimes could show that the limitation period for his claims began running at a date other than when his criminal judgment became final. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). It is also possible, but again unlikely, that Jaimes could show that he is entitled to equitable tolling. *See Gladney v.*

*Pollard*, 799 F.3d 889, 895–96 (7th Cir. 2015); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Accordingly, before dismissing the petition as untimely, the Court will allow Jaimes forty-five days to explain why his claims are not barred by Section 2254's one-year statute of limitations. If Jaimes fails to file a response that complies with this Order, his Petition will be dismissed for lack of diligence pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41(c) (E.D. Wis.).

**IT IS HEREBY ORDERED** that, within **45 days of the date of this Order** or **May 18, 2025,** Jaimes shall show cause, if any, why his application for relief under Section 2254 is not time-barred. If Jaimes fails to respond within 45 days, his petition will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin on April 3, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge