UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALFREDO RIOS JAIMES,

                Petitioner,

v.                                                                                Case No. 25-cv-0103-bhl

DAISY CHASE, Warden,

                Respondent.

## ORDER DISMISSING HABEAS PETITION

       On April 3, 2025, the Court screened Petitioner Alfredo Rios Jaimes's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and determined that the petition was untimely. (ECF No. 6.) As the Court explained, Section 2244(d)(1)(A) requires a petitioner to seek habeas relief within one year of his or her judgment becoming final. Based on the Court's review of on-line records on the state court's docket, Jaimes's conviction became "final," and his one-year limitations period began to run, on November 18, 2019. Because the Court did not receive Jaimes's petition until January 21, 2025, more than five years after the statute of limitations had expired, his effort was too late. For the avoidance of doubt, the Court gave Jaimes forty-five days to explain why his petition was not time-barred and ordered that if he failed to respond within forty-five days, his petition would be dismissed with prejudice. (ECF No. 6 at 3.)

       On May 5, 2025, Jaimes filed a response. (ECF No. 7.) Jaimes acknowledges that his petition is untimely and argues he is entitled to equitable tolling because his counsel on direct appeal provided him with "incompreh[e]nsible legal materials . . . in English, a language he does not understand." (*Id.* at 4.) Jaimes admits he did not respond to counsel's no-merit report despite being advised that he had the right to do so. He later raised the issue of his language barrier in a postconviction motion filed three-and-one half years after the Wisconsin Court of Appeals summarily affirmed his conviction, when he argued that he had failed to respond to the no-merit report because it was written in English and he could not read it. *See State v. Jaimes*, No. 2023AP1466, 2024 WL 3440298, at *2 (Wis. Ct. App. July 17, 2024. The Wisconsin Court of

Appeals concluded that this did not excuse Jaimes's failure to respond and stated that "Jaimes could have asked his attorney for a copy in Spanish or told [the court of appeals] that he would like to respond but could not because the report was in English." (*Id.*) The appellate court also emphasized that the record showed Jaimes was "capable of writing a letter to the court" concerning his presentence change of counsel and plea withdrawal motion, suggesting his complaints about his language skills were overstated. (*Id.*) Consistent with this remark, the Wisconsin Court Appeals noted that at a hearing on Jaimes's presentence plea withdrawal motion, the circuit court had made a factual finding that he was "capable of having a conversation in English. His testimony to the contrary is flat out implausible, not credible, and undermines his credibility in all his statements today." (*Id.* at *3.)

In his response, Jaimes fails to establish that once his conviction became final, he diligently pursued his rights throughout the statute of limitations period, a prerequisite to any equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The extraordinary circumstances must be "both extraordinary *and* beyond [the petitioner's] control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016); *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017). Jaimes does not offer any explanation as to what prevented him from filing a petition for writ of habeas corpus within the one-year time period. Jaimes indicates that the Wisconsin Department of Corrections "fail[s] to have Law books or access to legal materials in Spanish." (ECF No. 7 at 5.) For the petitioner's argument to be availing, however, he must have demonstrated diligence, at the very least, during a period that, if tolled, would make his federal petition timely. Jaimes provides no argument or evidence to demonstrate that he even attempted and was unable to obtain legal materials in Spanish and/or a translator during the running of the Antiterrorism and Effective Death Penalty Act (AEDPA) time limitation.

The Seventh Circuit has not specifically addressed the issue Jaimes raises. It has held, however, that a petitioner's argument that his prison's "subpar law library" prevented him from a timely filing "fails to support the extraordinary relief of equitable tolling." *See Ademiju v. United States*, 999 F.3d 474, 478 (7th Cir. 2021). And the Sixth Circuit has held that a prisoner's inability to understand English does not warrant tolling if the limitation did not prevent access to the courts.

*See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations"). After Jaimes's direct appeal ended in 2019, he was able to file a separate post-conviction motion in the state courts, as well as the instant habeas petition with the assistance of a jail house litigator demonstrating proficiency in English. (*See* ECF No. 7 at 9.) Any alleged language difficulties have not prevented Jaimes from accessing the courts. Because Jaimes has not demonstrated extraordinary circumstances warranting equitable tolling, the Court will dismiss his Section 2254 petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to issue or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Jaimes to proceed further, and a certificate of appealability is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated at Milwaukee, Wisconsin on May 27, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge